This case concerns a mortgage foreclosure. Plaintiff, George Teague Van Buren, seeks to redeem from defendant, Samuel H. Dendy, Jr., certain real property situated in Montgomery County. The property previously belonged to Chin Yong Kang. Kang mortgaged it to Exchange National Bank of Montgomery and then defaulted in the terms of the note and mortgage. At the foreclosure sale, Exchange National Bank was the successful bidder.
The bank sold the property to Dendy after sending Kang a letter requesting that he deliver possession of the property within ten (10) days. That letter was dated 13 February 1981; it was sent in compliance with § 6-5-233, Code 1975. The only evidence offered at trial regarding Kang's vacating the property established that he left on or about 22 March 1981.
Subsequently, Van Buren purchased the redemption rights of Kang and his wife, OK Ryon Kang. He then gave notice to Dendy of his intention to exercise the right of redemption. Dendy took the position that, because Kang had not vacated the property within the ten days required by statute for the preservation of the right of redemption, he, Kang, had forfeited that right.
Van Buren filed suit and then both parties filed motions for summary judgment. These were summarily denied by the trial court on 14 May 1982. Trial was set for 2 June 1982.
On 25 May 1982, Van Buren noticed the deposition of Kang in Chicago. Dendy filed a motion for a protective order, which was granted the day it was filed. Van Buren filed a motion to reconsider or to grant a continuance. That motion was denied and the parties proceeded to trial.
The case was tried, with Van Buren and Dendy as the only witnesses offering testimony. The trial court ruled in Dendy's favor, finding Van Buren was not seized of any valid or enforceable right of redemption against Dendy. Van Buren appeals to this court from the denial of this motion for new trial.
The issues presented for our review are stated by Van Buren as follows:
I.
 "Whether the trial court erred in denying plaintiff's motion for summary judgment. . . .
II.
 "Whether the trial court erred in denying plaintiff an opportunity to present the testimony of the mortgagor of subject property by deposition by granting defendant's motion for protective order and denying plaintiff's motion for continuance. . . .
III.
 "Whether the trial court erred in its final judgment and order. . . .
After careful consideration, we affirm the trial court's rulings as to these issues.
 I.
First, we consider whether the trial court was in error in refusing to grant summary judgment in favor of Van Buren.
It is well established that, in Alabama, it is only appropriate for the trial court to grant a motion for summary judgment where the non-moving party could not prevail under any set of discernible circumstances. Raley v. Royal Ins. Co. Ltd.,386 So.2d 742, 743 (Ala. 1980). In this case, there were two unresolved and material issues of fact; whether the Kangs had received notice of demand for possession of the premises as required by § 6-5-233, Code 1975, and whether he vacated the *Page 1014 
premises within the ten (10) day period provided for in that code section; and whether OK Ryon Kang was married to Chin Yong Kang prior to foreclosure. Van Buren argued that Kangs had vacated within ten (10) days of receiving the written demand. Dendy contended the premises were not timely vacated and the statutory right of redemption was thereby waived. Van Buren did not present evidence of the Kangs' marriage prior to foreclosure sufficient to resolve any factual dispute as to that issue.
These were the dispositive factual issues in this case and they were unresolved when the motions for summary judgment were considered. Thus, it would have been inappropriate for the trial court to grant either of the motions for summary judgment.
 II.
Second, we consider whether the trial court erred in granting Dendy's motion for a protective order and refusing to grant a continuance. These are decisions that rest within the sound discretion of the trial court and this court will reverse only when we find a clear abuse of discretion. Carbine Constr. Co.v. Cooper, 368 So.2d 541 (Ala. 1979).
It seems clear that Van Buren was aware, during the entire course of the proceedings in this action, that Kang's testimony would be critical to his case and that Kang resided in Chicago, Illinois. This was not a "newly discovered" witness. Van Buren testified that he flew to Chicago to buy Kang's right of redemption. He therefore certainly knew, long before trial, that Kang no longer resided in Montgomery. During the summary judgment proceedings Van Buren noted, "subject cause involves the right of Chin Yong Kang to redeem property sold at a foreclosure sale, and . . . Mr. Kang currently resides in Chicago, Illinois."
In Mitchell v. Moore, 406 So.2d 347, 349 (Ala. 1981), this court set forth guidelines for the consideration of whether the absence of a witness warrants a continuance. One of the requirements is that due diligence must have been exercised by the movant to secure the absent witness or evidence. It is clear that Van Buren did not exercise due diligence in securing Kang as a witness. Thus, under the rule exemplified byMitchell, his absence did not provide good cause for the trial court to grant a continuance.
Regarding whether the trial court wrongfully granted Dendy's motion for a protective order, it is settled that the details of the discovery process must be left to the trial court.Stinson v. Liberty Mut. Ins. Co., 395 So.2d 1032 (Ala.Civ.App. 1981). In exercising its discretion, the trial court should be guided by the spirit of the rules, which is to permit full discovery so as to save time, effort, and money and to expedite the trial and with a view of achieving justice for each litigant. Campbell v. Regal Typewriter Co., 341 So.2d 120 (Ala. 1976). However, the right of discovery is not unlimited, and the trial court has the power to prevent its abuse by any party. Assured Investors Life Ins. Co. v. National UnionAssociates, Inc., 362 So.2d 228 (Ala. 1978).
Dendy's motion for a protective order states as grounds the following:
 "(1) That this case has been pending since February of 1982, that the Plaintiff has known at all times that the testimony of these deponents would be critical in this trial, but that Plaintiff has postponed the taking of this critical deposition until five (5) days before the trial of this case.
 "(2) That the Defendant has been given less than three (3) days notice of the taking of said deposition, which deposition is to be taken in Chicago, Illinois, and which deposition conflicts with a scheduled court appearance for Defendant's attorney in the Court of another county.
 "(3) Defendant's counsel would submit that the scheduling of this deposition at this time has been done for the purpose of harrassment inasmuch as so little notice was given, and the further fact that said deposition is scheduled to take place at a time coinciding with a National Holiday which will make travel to and from *Page 1015 
the proposed cite of the deposition extremely difficult for all parties concerned."
Because there was good cause, as stated in this motion, and evidenced by the record, to find Van Buren's untimely notice of deposition to be an abuse of the discovery process, the trial court did not err in granting Dendy's motion for a protective order.
 III.
The last issue presented is whether the trial court erred in its final judgment and order. That court's order provides as follows:
 ". . . the only evidence offered at trial established Mr. Kang vacated the property on or about March 22, 1981. Defendant offered evidence that Kang was residing in Montgomery in the subject property from February 13, 1981, the date on which the said letter was mailed, to on or about March 22, 1981, when the evidence shows Kang permanently vacated the premises. This evidence was not rebutted by the Plaintiff. This Court takes judicial notice of the presumption of law that a letter properly addressed with sufficient postage, which is unreturned to the sender whose address is shown on the envelope, is delivered and received by the addressee. This presumption coupled with Defendant's clear and convincing evidence establishes to this Court that Chin Yong Kang received the letter within a few days of it being mailed, but did not surrender possession of the subject property for at least thirty (30) days. Accordingly, this Court finds that Chin Yong Kang clearly forfeited any statutory right of redemption he had to the property in question due to his failure to surrender possession to the Exchange National Bank of Montgomery or its successor, Defendant Dendy, within the ten (10) day required period as set out in § 6-5-233, Code of Alabama, 1975. This forfeiture is established pursuant to § 6-5-233 (c), Code of Alabama, 1975.
 "Plaintiff claims he also purchased the right of redemption of OK Ryon Kang to the subject property, and therefore was entitled to proceed with redemption. However, the only evidence of a marriage between Chin Yong Kang and OK Ryon Kang presented to the Court at trial was a marriage which occurred between them in Montgomery County, Alabama in August, 1981. The Court finds OK Ryon Kang would, upon her marriage to Chin Yong Kang, only acquire property rights in property of her husband in which he had a perfected or legal right or in property in which he had a legal interest. Since Chin Yong Kang had forfeited any right of redemption he had in the subject property in March, 1981 prior to his marriage in August, 1981, this Court determines OK Ryon Kang acquired no rights of redemption in the subject property and could, therefore, not transfer any such right to Plaintiff. Accordingly, this Court finds that Chin Yong Kang and OK Ryon Kang had no valid or legal right of redemption in the subject property to transfer to Plaintiff. . . ."
After a careful review of the record we conclude the trial court did not err in its final judgment or order and, with regard to this third issue, we hold its opinion to be correct in every respect.
For the above stated reasons, the judgment appealed from is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.
ON APPLICATION FOR REHEARING
EMBRY, Justice.
OPINION CORRECTED; APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur. *Page 1016