Bernard J. Noble was injured in the line and scope of his employment in February 1984. He filed an action against his employer seeking workmen's compensation benefits; against co-employees seeking damages for negligence, wantonness, and failing to provide Noble a safe place to work; and against Fireman's Fund Insurance Companies, the workmen's compensation insurance carrier for Noble's employer, for negligence and wantonness in performing safety inspections. The trial court granted summary judgments to the co-employee defendants, Glover McManus, John Sivley, and Ronnie Joe Johnson ("co-employees"), and Fireman's Fund. Those summary were made final pursuant to Rule 54(b), Ala.R.Civ.P. Noble appealed. The appeal against Fireman's Fund has been dismissed. Under his "Statement of Issue" the following appears: "The sole issue presented herein is whether the trial court abused its discretion in granting summary judgments on behalf of the Defendants, instead of continuing the hearing until the defendants had complied with the court's outstanding discovery order."
Noble filed a motion to require each of the co-employees to give more definite answers to the following interrogatory: "Please state your job description as given to you by your employer, or in the alternative, attach a copy of it to your answers to these interrogatories." The trial court granted the motion and ordered the co-employees to respond within twenty days. Before this response was made, the trial court granted the co-employees' motion for summary judgment, which was based on "the deposition of the plaintiff and the interrogatory answers on file in this cause."
The co-employees contend that Noble failed to comply with Rule 56(e) and (f), Ala.R.Civ.P., in that he produced no evidence to negate or contradict the materials submitted by the co-employees and failed to file an affidavit to show specifically why a continuance should be granted and why that continuance would result in a showing of genuine issues of material fact.
The pertinent part of Rule 56(e) provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
Rule 56(f) provides: "Should it appear from the affidavits ofa party opposing *Page 250 the motion that he cannot for reasons stated present byaffidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." (Emphasis added.)
The co-employees contend that as field superintendent, general foreman, and project superintendent they had no personal duty to Noble and that they assumed no specific safety responsibility or function that was violated under the specific facts of this case. We cannot find where this contention is supported by the evidence before the trial court under Rule 56(e), so as to cast on Noble the burden of complying with Rule 56(f).
It would have been prudent for Noble to have filed such an affidavit, because a trial court is not required to treat a motion to compel as satisfying the requirements of this section. Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525
(11th Cir. 1983) (Fed.R.Civ.P., 56(f) is identical to Rule 56(f), Ala.R.Civ.P.). Judge Kravitch distinguished Wallace fromParrish v. Board of Comm'rs of Alabama State Bar, 533 F.2d 942
(5th Cir. 1976). In Parrish, a motion to compel the State Bar to furnish bar examination papers in a dispute involving allegations of discriminatory grading of bar examination papers was pending whem summary judgment was granted to the State Bar. The Fifth Circuit held it was error to grant summary judgment without first requiring production of the test papers, since these papers were crucial to Parrish's case. In Wallace no such critical evidence was missing, and Judge Kravitch noted: "Most, if not all, cases involving a rule 56(f) issue will be factually dissimilar. For this very reason, a blanket rule would be inappropriate." 703 F.2d at 528.
In the case at issue, the job description of these defendants was crucial. If one of the personal job duties of these co-employees, as opposed to a general duty of safety owed by the employer, was to provide employees a safe place to work, then under the law as it existed in February 1984, there may be liability to Noble. Kennemer v. McFann, 470 So.2d 1113 (Ala. 1985); Welch v. Jones, 470 So.2d 1103 (Ala. 1985); Fireman'sFund American Insurance Co. v. Coleman, 394 So.2d 334 (Ala. 1980). If the full answers to the interrogatories addressed to each of these co-employees reveal that they had no personal duty to Noble and assumed no specific safety responsibility or function that was violated, then summary judgment for these co-employees may be appropriate. The trial court may determine this based upon the strict standards set under Kennemer, Welch, and Fireman's Fund; however, even assuming that the co-employees had met their burden under Rule 56(e), Noble had the right to have full answers to such interrogatories before the trial court ruled on the motions for summary judgment. The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.