JONES, Justice.
This is a medical malpractice case against Dr. Horace E. Sanders and Enterprise Hospital for alleged injuries to Martha Latimer and for the alleged wrongful death of Jessica Kathleen Latimer, the stillborn child of Martha and Norvelle Latimer. Plaintiffs appeal from a summary judgment granted in favor of defendants. Because we reverse the judgment for failure of the trial court to allow a continuance for additional discovery, and remand the cause for further proceedings, we will discuss only the continuance issue and the assertion that the claims against the Hospital are barred for failure of plaintiffs to comply with the six-month provision of Alabama’s non-claim statutes (Code 1975, §§ 11-47-23 and 11-47-192).[1]
*376 The assertion that these claims, as they relate to the Hospital, are barred, because plaintiffs failed to file their claims with the City of Enterprise within six months from their accrual, is unfounded. The fact that the city ordinance authorizing the incorporation of the hospital board recites that the hospital board will operate “as an agent for the city council” does not change the corporate nature of its public entity, as authorized by Code 1975, Title 22, Chapter 21, Articles 4, 5, 6, and 11. Indeed, if the City had been named as a party defendant, surely its motion to dismiss would have been promptly and properly granted. Cf. Poe v. Grove Hill Memorial Hosp. Bd., 441 So.2d 861 (Ala.1983). See, also, Billings v. Sanders, (M.D.Ala., 80-118-S and 80-119-S, March 5, 1981) (unpublished order).
Ordinarily, the continuance issue would deserve little more than a summary comment affirming the trial court’s exercise of one of its discretionary functions. Only rarely will the appellate court find an abuse of discretion in such cases. See Van Buren v. Dendy, 440 So.2d 1012 (Ala.1983). The instant circumstances, however, leave us no choice but to reverse the trial court’s denial of plaintiffs’ motion for a continuance.
These circumstances, in which we find an abuse of discretion, are as follows: The initial filing of plaintiffs’ complaint was accompanied by a motion to require the Hospital to produce a copy of the hospital records of Mrs. Latimer’s confinement during the period made the basis of her claim. Without responding to plaintiffs’ motion to produce, defendants promptly filed their respective motions for summary judgment. Thereupon, plaintiffs moved for a continuance, insisting that defendants respond to plaintiffs’ motion to produce as a pre-condition to the trial court’s consideration of defendants’ summary judgment motions. It is the actions of the trial court in denying this motion for a continuance and in granting defendants’ motions for summary judgment that form the basis for plaintiffs’ appeal. (Plaintiffs’ subsequent motion for reconsideration was also denied.)
In support of summary judgment on the continuance issue, defendants argue two points: 1) The grant or denial of summary judgment is within the trial court’s discretion; and 2) Mrs. Latimer could have readily obtained the hospital records by other means, i.e., by personally presenting the Hospital a signed authority for the release of the records.
While, under ordinary circumstances, as we have previously observed, defendants’ first proposition would be sustained, the trial court’s discretion is not without certain restraints; and its exercise, when abused, will result in reversal. Perry v. Mobile County, 497 So.2d 829 (Ala.1986). See, also, Noble v. McManus, 504 So.2d 248 (Ala.1987).
We reject defendants’ second proposition for the reason that it is not the right of each party to choose for the adverse party the appropriate method of discovery, where alternative modes are equally available. Particularly, here, where Mrs. Latimer had been an employee of the Hospital at the time of her hospitalization, she had available to her, as a matter of right, the choice of having her lawyer discover her hospital records by way of a motion to produce; and the trial court’s denial of a continuance, thus forcing plaintiffs to submit their cause upon defendants’ motion for summary judgment without the benefit of the hospital records, was an abuse of discretion. This is not to say that the trial court has no discretion in those cases where the moving party’s option places an undue burden on the opposing party.
Where different methods of discovery are available and are not by their *377 express terms mutually exclusive, unless the circumstances compel a contrary result, the trial court will be reversed for ordering the party seeking discovery to choose among equally available methods of discovery. See Ex parte Dorsey Trailers, Inc., 397 So.2d 98 (Ala.1981). We find no such compelling circumstances in the instant case.
REVERSED AND REMANDED.
MADDOX, ALMON, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., and SHORES, J., concur in the result.

. The defendants accompanied their summary judgment motions with affidavits of defendants and other witnesses, attesting to the absence of any negligence in their care and treatment of *376 Mrs. Latimer. In addition to their motion for a continuance, plaintiffs responded to defendants’ motions by filing the affidavit of Mrs. Latimer, attesting to her professional opinion, as a registered licensed nurse with experience in childbirth cases, that defendants breached their duty of care with respect to her treatment. Because we reverse and remand for failure to permit plaintiffs an opportunity for discovery, we express no opinion on the ultimate merits of plaintiffs' claim.