This case involves the appropriateness of a summary judgment in a dog-related personal injury case.
On October 19, 1984, plaintiff went to defendants' home in Mobile while attempting to sell firewood. As plaintiff approached the front door, which was partially open, he heard a dog bark from inside the house. Plaintiff turned to leave and, with the dog chasing him, ran toward his truck, which was parked in the street. While running toward his truck, plaintiff fell and received an injury to his knee. There was never any bite or other physical contact by the dog.
Plaintiff filed suit against the defendants on October 1, 1985, alleging negligence in allowing the dog to run unrestrained, and also alleging violation of an ordinance of the city of Mobile. Defendants filed an answer including a general denial and the affirmative defense of contributory negligence. On March 18, 1986, defendant Lynn O. Cunningham filed a motion for summary judgment based on depositions and certain affidavits. Plaintiff filed a motion pursuant to Rule 56(f), A.R.Civ.P., requesting that the Court deny the defendant's motion or, in the alternative, continue the hearing. The motion was set for hearing on March 28. Plaintiff's ground for continuance was based on the absence of a *Page 1325 
potential affiant who had encountered the dog. The court granted the motion for summary judgment on April 21, 1986, as to Lynn O. Cunningham and amended its summary judgment on April 23 to include Charles A. Cunningham.
The first argument by appellant is that the trial court abused its discretion in not allowing the requested continuance of the hearing on the summary judgment motion. Only rarely will the appellate court find an abuse of discretion in such cases. See Van Buren v. Dendy, 440 So.2d 1012 (Ala. 1983). Those cases which have held that the trial court abused its discretion have involved situations where the moving party has failed or refused to provide information requested by the opposing party. See Latimer v. Enterprise Hospital, 505 So.2d 375 (Ala. 1987);Noble v. McManus, 504 So.2d 248 (Ala. 1987); Perry v. MobileCounty, 497 So.2d 829 (Ala. 1986). Here, the only ground for continuance was that a potential affiant was not available to sign an affidavit prior to March 28, the date of the hearing on the motion for summary judgment. However, the trial judge did not enter his order until April 21. We, therefore, hold that the trial judge did not abuse his discretion in not allowing the requested continuance.
Appellant next contends that the trial court improperly granted the summary judgment, and argues that one of his claims is based upon common law negligence arising from the ownership of a dog that displays vicious propensities. Appellant relies upon Owen v. Hampson, 258 Ala. 228, 62 So.2d 245 (Ala. 1952), and White v. Law, 454 So.2d 515 (Ala. 1984).
In Owen v. Hampson, supra, the plaintiff was injured when the defendant's dog ran into the street and chased the plaintiff, who was riding a motorcycle on a public street causing plaintiff to overturn. The Owen Court recognized the applicability of the common law rule requiring the plaintiff to allege and prove that the owner of the animal had previous knowledge of the animal's dangerous propensities. Appellant cites Owen for its statement that the law makes no distinction between an animal dangerous from mischievousness or playfulness and one dangerous from viciousness.
In White v. Law, supra, this Court held that testimony gleaned from affidavits and depositions submitted on motion for summary judgment indicating that defendants feared that the action of children in teasing the dog might cause the dog to harm plaintiff's granddaughter and, therefore, had taken steps to acquaint the granddaughter with their dog was sufficient to create an inference that defendants knew or should have known of their dog's possible vicious propensities. This inference was deemed sufficient to preclude summary judgment.
The recent case of Rucker v. Goldstein, 497 So.2d 491, 493
(Ala. 1986), summarizes the Alabama rule on this subject, as follows:
 "As noted previously, however, under the common law, scienter on the part of the owner must be alleged and proved by the plaintiff. The crucial issue is 'whether the owner knows, or had reason to know, of the animal's dangerous propensities.' Allen v. Whitehead, 423 So.2d 835 (Ala. 1982). If the plaintiff fails to meet the burden of proof, the defendant is not liable."
Appellant asserts that the evidence before the trial court presented a genuine issue of material fact with regard to whether the appellees knew, or had reason to know, of the dog's dangerous propensities. This evidence included the following deposition testimony of defendant Lynn O. Cunningham:
 "Q When the garbage man comes down the driveway and proceeds to that gate at the end of your driveway that goes toward the side of your house, does Mack bark?
"A Yes.
"Q Does he bark loud?
 "A He barks like a dog barks is all — he just barks."
The defendant's admission that the dog had barked at the garbage man is not sufficient to create an inference of knowledge of dangerous propensities of the dog. We *Page 1326 
have carefully examined the record, and we have considered the evidence before the trial court on appellees' motion for summary judgment. Viewing the evidence and all reasonable inferences therefrom in the light most favorable to appellant,Sanders v. White, 476 So.2d 84 (Ala. 1985), we are unable to find the existence of a genuine issue of material fact. We, therefore, hold that the trial judge was correct in granting summary judgment on the common law negligence action.
Appellant's last argument relates to the claimed violation of the Mobile ordinance. This Court cannot reverse on this issue, because the ordinance in question was never introduced into evidence, and judicial notice of the ordinance is not required because the appellant's complaint, in attempting to allege this cause of action, does not comply with the strict requirement of Rule 9(d), A.R.Civ.P.[1]
The summary judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.
[1] Rule 9(d), A.R.Civ.P., provides in pertinent pary as follows: "In pleading an ordinance of a city, . . . it is sufficient to refer to the ordinance . . . by its title and the date of its approval, and the court shall take judicial notice thereof."