This is an appeal from a summary judgment entered for the plaintiff, Eureka, Inc., in an action on a promissory note brought against Water View Developments, Inc.
Eureka filed its summons and complaint on August 5, 1986, and service was perfected on Water View Developments, Inc., on September 4, 1986. On September 3, 1986 (the daybefore Water View was served), Eureka filed its "motion for summary judgment based upon the pleadings and all affidavits on file in this cause."
Eureka's motion for summary judgment first came before the trial court on the regular motion docket on September 17, 1986 (two days before an appearance was made on behalf of Water View), and was continued. On September 23, 1986, Water View filed a request for production of documents. On September 30, 1986, Water View filed the counter-affidavit of Milton Andrews, which was to the effect that because of the poor maintenance of the corporate records of Water View during the presidency of Thomas Nonnemacher, it was necessary to have an accounting firm analyze those records for the transactions made during the time period under consideration in the litigation. Therefore, stated Andrews, until the accountant finished the research and analysis of the corporate records, "it cannot be stated with certainty that Water View Developments, Inc., either did or did not receive and use these funds."
On October 1, 1986, Eureka's motion for summary judgment again appeared on the regular motion docket and was again continued. On that same day, Water View filed interrogatories to Eureka. On November 5, 1986, and on December 3, 1986, the summary judgment motion was again continued. On December 12, 1986, Water View filed an answer and a motion to extend time, pursuant to Rule 56(f), A.R.Civ.P.
On December 17, 1986, with Water View's request for production and its interrogatories still outstanding, Eureka's motion for summary judgment was granted. We reverse. *Page 918 
Eureka rests its argument in support of the trial court's summary judgment on two grounds: 1) The large number of continuances of its summary judgment motion; and 2) the failure of Water View to pursue its discovery by seeking sanctions against Eureka for its noncompliance. We are not impressed with either of these arguments.
As to the several continuances, we need only to observe that Eureka's motion for summary judgment was filed before service of process was perfected on Water View; and the first two continuances occurred within 30 days after service of the summons and complaint. The record fails to reveal any dilatory tactics on the part of Water View. Indeed, Water View's appearance, its request for production of documents, and its filing of interrogatories to Eureka all occurred within 30 days after service of process. Further, summary judgment was entered only 5 days after Water View filed its answer and Rule 56(f) motion to extend time.
Eureka's "rush to judgment" argument stresses the point that "a suit on a note" is the classic case for the operation of summary judgment procedures, thus preventing any undue delay in obtaining judgment. We do not disagree with this general, abstract proposition; but its application must not abridge the defendant's right to present a lawful and legitimate defense to the claim.
We note from the record that one Thomas G. Nonnemacher was the sole incorporator of Eureka and one of the three organizers and equal shareholders of Water View. It is Eureka's intertwining relation with Water View that is addressed in Water View's request for production and in its written interrogatories. At this point, neither the trial court nor this Court knows if Eureka's compliance with those discovery devices will yield anything by way of a cognizable defense to Eureka's claim. We hold, however, that summary judgment granted in face of Eureka's noncompliance is untimely. Noble v.McManus, 504 So.2d 248 (Ala. 1987).
As to Water View's failure to pursue sanctions against Eureka for its noncompliance, we can only observe that, under these circumstances, Eureka can not profit by its own dilatory tactics.
REVERSED AND REMANDED.
TORBERT, C.J., and ADAMS, HOUSTON and STEAGALL, JJ., concur.