The defendant, Sam Diamond, appeals from a summary judgment entered in favor of the plaintiffs, Jake F. Aronov and Owen W. Aronov, in an action seeking the defendant's proportionate share of a partnership debt. We affirm.
Diamond and the Aronovs entered into a general partnership, known as A D Partners, in October 1983. In February 1984, the partnership acquired a leasehold interest in a parcel of land located in Montgomery, Alabama, and it borrowed money from Central Bank of the South to finance improvements on the land. The partnership executed a note, a leasehold mortgage, and a security agreement to Central Bank.
On June 15, 1987, the partnership, by and through each of its general partners, signed a promissory note in favor of Central Bank in the amount of $563,285.04, to refinance the loan. The promissory note was secured by the February 1984 leasehold mortgage and security agreement, which related to the real property, the equipment, and the fixtures located on the land. On July 16, 1987, each partner signed a continuing guaranty in favor of Central Bank. By that guaranty, the partners agreed to pay the amount of the note on demand, with interest, equal to the prime lending rate, payable monthly, beginning August 1, 1987. The note with Central Bank matured on April 17, 1990, and Central Bank contacted the parties and the partnership for payment. The plaintiffs — Jake F. Aronov and Owen W. Aronov — paid the balance of the debt on August 16, 1990, and Central Bank assigned its interest in the debt to them.
On August 27, 1990, the Aronovs sued Diamond, seeking to recover from him his pro rata share of the partnership debt. On November 28, 1990, the defendant filed a motion to dismiss, alleging improper venue; the court denied that motion. The plaintiffs filed a motion for summary judgment, with briefs in support, on August 23, 1991. The defendant petitioned this Court for a writ of mandamus; this Court issued a writ of mandamus ordering a transfer of this action from Montgomery County to Jefferson County. See Ex parte Diamond, 596 So.2d 423
(Ala. 1992). On March 15, 1992, the defendant filed a motion in opposition to the plaintiffs' motion for summary judgment. The trial court, after a hearing, entered a summary judgment in favor of the plaintiffs in the amount of $169,526.01, on May 22, 1992.
On June 26, 1992, the defendant filed a motion to alter, amend, or vacate the judgment, or, in the alternative, to "reconsider," pursuant to Rule 59 and Rule 60(b)(1) and (6), A.R.Civ.P. As a Rule 59 motion, that motion was clearly untimely and therefore a nullity. The defendant filed a notice of appeal on July 6, 1992, from the summary judgment.[1] The defendant also filed with this court a motion to preserve the circuit court's jurisdiction over the Rule 60(b) motion. This Court granted that motion on July 29, 1992. See Rule 60(b). *Page 265 
On August 3, 1992, the trial court denied the defendant's Rule 60(b) motion to vacate the judgment. The defendant filed another notice of appeal on September 11, 1992, from that denial.
 I.
We note initially, that a summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, this Court will apply the same standard applied by the trial court in granting the motion — i.e., this Court will review the record in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant. Rotham v. Gamma Alpha Chapter of PiKappa Alpha Fraternity, 599 So.2d 9 (Ala. 1992) (citing Fincherv. Robinson Brothers Lincoln-Mercury, Inc., 583 So.2d 256 (Ala. 1991)). In determining whether there was a genuine issue of material fact, this Court is limited to a consideration of the factors that were before the trial court when it ruled on the summary judgment motion. Broadmoor Realty, Inc. v. FirstNationwide Bank, 568 So.2d 779 (Ala. 1990). However, this Court's reasoning is not limited to that applied by the trial court. Hill v. Talladega College, 502 So.2d 735 (Ala. 1987).
Once the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden of going forward with evidence shifts to the nonmovant — who must demonstrate the existence of a genuine issue of material fact.Grider v. Grider, 555 So.2d 104 (Ala. 1989). The materials submitted in support of the summary judgment motion support the trial court's conclusion that the plaintiffs had made the required prima facie showing. This action was filed after June 11, 1987; therefore, the nonmovant, Diamond, had to carry his burden by presenting "substantial evidence" that created a genuine issue of material fact, § 12-21-12, Ala. Code 1975. That is, Diamond had the burden of presenting "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment [could] reasonably infer the existence of the fact sought to be proved." West v. Founders Life AssuranceCo. of Florida, 547 So.2d 870, 871 (Ala. 1989).
 II.
The defendant contends that the trial court erred in entering the summary judgment because, he says, meaningful discovery had not been completed. He says he was denied the right to develop lawful and legitimate defenses in opposition to the motion for summary judgment and that the summary judgment was, therefore, premature.
This Court stated in Salter v. Alfa Insurance Co.,561 So.2d 1050, 1054 (Ala. 1990):
 "In Reeves v. Porter, 521 So.2d 963, 965 (Ala. 1988), this Court addressed the propriety of entering a summary judgment while discovery is pending:
 " 'The mere pendency of discovery does not bar summary judgment. If the trial court from the evidence before it, or the appellate court from the record, can ascertain that the matter subject to production was crucial to the non-moving party's case (Parrish v. Board of Commissioners of Alabama State Bar, 533 F.2d 942 (5th Cir. 1976)) or that the answers to the interrogatories were crucial to the non-moving party's case (Noble v. McManus, 504 So.2d 248 (Ala. 1987)), then it is error for the trial court to grant summary judgment before the items have been produced or the answers given. However, the burden of showing that these items are crucial is upon the non-moving party. He can do so by complying with Rule 56(f), Ala.R.Civ.P., Water View Developments, Inc. v. Eureka, Inc., 512 So.2d 916 (Ala. 1987). Rule 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or *Page 266 
discovery to be had or may make such other order as is just." A pending motion to compel production (Parrish, supra) and a motion to compel answers to interrogatories, which has been granted (Noble, supra) when the evidence before the court clearly shows that the evidence sought is crucial to the non-moving party's case, have been held sufficient compliance with Rule 56(f). However, when no such crucial evidence would be supplied by the production or by the answers to the interrogatories, it is not error for the trial court to grant summary judgment with discovery pending. Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525 (11th Cir. 1983); Noble v. McManus, supra. In Wallace, Judge Kravitch noted: "Most, if not all, cases involving a Rule 56(f) issue will be factually dissimilar. For this very reason, a blanket rule would be inappropriate." 703 F.2d at 528. The burden is upon the non-moving party to comply with Rule 56(f) or to prove that the matter sought by discovery is or may be crucial to the non-moving party's case.' "
The record reflects that the defendant simultaneously filed 1) a motion to compel the plaintiffs to fully respond to his request for admissions and 2) a motion in opposition to the plaintiffs' summary judgment motion. However, the defendant failed to convince the trial court that the evidence was crucial to his case, and a review of the record suggests that the trial court correctly determined that it was not. Therefore, the trial court did not err in not delaying its ruling on the motion until discovery was completed; the summary judgment is affirmed.
 III.
The defendant further contends that the trial court erred in denying his Rule 60(b) motion for relief from the summary judgment.
This Court stated in Norfolk v. Wynn, 581 So.2d 848, 850
(Ala. 1991):
 "Rule 60(b) is an extraordinary remedy that is permitted only in exceptional circumstances when the moving party can show the trial court sufficient equitable grounds for relief. See Reese v. Robinson, 523 So.2d 398 (Ala. 1988); Montgomery v. Burchell, 456 So.2d 60 (Ala. 1984); Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala. 1979). The grant or denial of a Rule 60(b) motion is within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion, Douglass v. Capital City Church of the Nazarene, 443 So.2d 917 (Ala. 1983); Gallups v. United States Steel Corp., 353 So.2d 1169
(Ala.Civ.App. 1978) — that is, absent a finding of reasonable cause, absent a finding that the rights of others subsequently arising would be adversely affected, or absent a finding that the trial court's decision is unjust. Reese v. Robinson, supra. See White v. Campbell Associates, 544 So.2d 971 (Ala. 1989); see, also, Sundance Marina, Inc. v. Reach, [567 So.2d 1322 (Ala. 1990)]."
In his motion for relief from judgment, the defendant argued,for the first time, that a partner cannot maintain an action at law arising out of the partnership until there has been an equitable accounting of the partnership affairs. This Court stated in Ex parte Diamond, 596 So.2d 423, 426 n. 1 (Ala. 1992):
 "There is authority for the proposition that a partner cannot maintain an action at law against a copartner, regarding matters arising out of the partnership, until there has been an equitable accounting of the partnership affairs. See Broadmoor Realty, Inc. v. First Nationwide Bank, 568 So.2d 779, 783 (Ala. 1990), quoting Broda v. Greenwald, 66 Ala. 538, 542 (1880). See also Hansford, Tilley's Alabama Equity (2d ed.) § 12-5 (1985); 59A Am.Jur.2d Partnership §§ 544, 550-98 (1987). However, Diamond has not raised any such defense and the parties have not argued this point, se we need not consider it in ruling on this petition."
Until he filed his Rule 60(b) motion, Diamond did not raise the issue whether there must first be an equitable accounting of the partnership affairs in *Page 267 
order to maintain an action at law arising out of the partnership; he offered no justification for failing to raise that issue earlier. A trial judge has the discretion to consider a new legal argument in a post-judgment motion, but is not required to do so. Green Tree Acceptance, Inc. v. Blalock,525 So.2d 1366 (Ala. 1988). Absent an abuse of discretion, we will affirm the trial judge's ruling in this regard. We cannot hold that the trial court abused its discretion in failing to consider that new argument; therefore, we affirm the denial of Diamond's Rule 60(b) motion for relief from judgment.
1911567 — SUMMARY JUDGMENT AFFIRMED.
1911956 — DENIAL OF RULE 60(b) MOTION AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.
[1] We note that the 42d day of the appeal period allowed by Rule 4, Ala.R.App.P., would have been Friday, July 3. However, July 3, 1992, was a state holiday and the next business day was Monday, July 6. Thus, the appeal was timely. See Rule 26(a), Ala.R.App.P.