HOUSTON, Justice.
This is an appeal by the plaintiff, Bernard McCaster, from a summary judgment for the defendant, Madeline Jackson. We affirm in part, reverse in part, and remand.
Considering the evidence, both undisputed and disputed, most favorably to McCaster, the nonmovant, as our standard of review requires, see Rodgers v. Hopper, 768 So.2d 963, 965 (Ala.2000), we glean the following relevant facts: In August 1996, Madeline Jackson and her dog, a 60-pound Labrador/shar-pei mix, moved in with her mother, Mary R. Jackson, at 3508 South-view Ave., Montgomery; Mary was suffering from lung cancer. Madeline Jackson lived at that address until the day of the incident made the basis of this action.
McCaster was employed as a delivery person by Price Pharmacy; he delivered prescription drugs to the Jackson house on a regular basis. When he made a delivery to the Jackson house, McCaster would park his truck, leave the door to the truck open, go up the stairs to the front porch, leave the package from the pharmacy by the front door, and knock. Each time he made a delivery to the Jackson house, he *38 heard what sounded like a large dog barking and scratching on the other side of the door.
On April 29, 1998, McCaster followed his regular routine in delivering drugs to the Jackson house. After he put the drugs by the front door and knocked, he started back to the truck. Madeline Jackson opened the door, and McCaster turned to see the barking dog run past her and toward him. The dog got within four feet of McCaster, who was running toward his truck. McCaster fell trying to escape the dog and injured both knees and his shoulder. Jackson got control of the dog after McCaster fell. McCaster incurred substantial medical expenses as a result of his fall.
McCaster sued Jackson, the estate of Mary Jackson and its executor, Richard L. Frame, and Jackson’s sister, Marcia J. Belcher. In Count I, he alleged common-law negligence; in Count II, he alleged wantonness. In Count III, he in effect alleged a violation of § 3-6-1, Ala.Code 1975; his complaint states:
“[T]hat a dog over which Defendants had ownership and/or control injured Plaintiff ... without provocation.
“At the time, the dog injured Plaintiff, Plaintiff was at a place where he ... had a legal right to be.
“Defendants owned or controlled the premises on which the injury occurred.”
Alabama Code 1975, § 3-6-1, provides:
“If any dog shall, without provocation, bite or injure any person who is at the time at a place where he or she has a legal right to be, the owner of such dog shall be liable in damages to the person bitten or injured, but such liability shall arise only when the person so bitten or injured is upon property owned or controlled by the owner of such dog at the time such bite or injury occurs or when such person has been immediately prior to such time on such property and has been pursued therefrom by such dog.”
(Emphasis added.)
Each defendant filed a separate motion for a summary judgment and included supporting evidence.[1] Included as ground two in the motions filed by the Jackson estate, Frame, and Belcher was the following statement:
“That the undisputed evidence has established that Ala.Code ... § 3-6-1 [is] inapplicable in this case to [each of the three named defendants].”
Madeline Jackson’s motion for a summary judgment did not include this statement as a ground, but alleged as grounds simply “that there is no genuine issue as to any material fact and that she is entitled to a judgment as a matter of law.” In her amended answer, she had averred: “2. This Defendant denies that she owned or controlled the premises on which the incident giving rise to this suit occurred, as alleged in the Plaintiffs complaint, and demands strict proof thereof.”
We are persuaded that the trial court did not err in entering a summary judgment for Madeline Jackson on Counts I and II (common-law negligence and wantonness).
When the Legislature of Alabama in 1953 enacted a form of strict liability for dog-injury cases (Chapter 6 of Title 3, Code of Alabama), it preserved the common-law right of action: “Nothing in this chapter shall be construed as diminishing any right or liability for injury by dog *39 bites now existing under the laws of this state.” Ala.Code 1975, § 3-6-4.
“‘[U]nder the common law, scienter on the part of the owner must be alleged and proved by the plaintiff. The crucial issue is “whether the owner knows, or had reason to know, of the animal’s dangerous propensities.” Allen v. Whitehead, 423 So.2d 835 (Ala.1982).’ ”
Herring v. Cunningham, 507 So.2d 1324, 1325 (Ala.1987).
Madeline Jackson sufficiently established that she had no knowledge, before the incident in which McCaster was injured, that the dog had any dangerous propensities. McCaster did not provide substantial evidence indicating that Madeline Jackson had knowledge of the dog’s dangerous propensities by proving that the dog barked at people, Herring v. Cunningham, supra; Rucker v. Goldstein, 497 So.2d 491 (Ala.1986); by proving that the dog was large and mean looking, Allen v. Whitehead, 423 So.2d 835 (Ala.1982); or by proving that on one occasion the dog jerked on the leash Madeline Jackson was holding when the dog saw another dog. Humphries v. Rice, 600 So.2d 975, 977 (Ala.1992). No evidence was introduced indicating that a Labrador/shar-pei mix, or a Labrador retriever, or a shar-pei has vicious propensities. Humphries, supra. Therefore, the trial court did not err in entering a summary judgment on Counts I and II.
Madeline Jackson argues that her liability under § 3-6-1 was not argued before the trial court. We do not agree. Not only did Count III of McCaster’s complaint track the language of § 3-6-1, the other three defendants, in their motions for a summary judgment, apparently recognized that they were being charged with liability under § 3-6-1; they each alleged “[t]hat the undisputed evidence has established that Ala.Code ... § 3—6—1 [is] inapplicable to [each of the three nonowners of the dog].” Madeline Jackson, the owner of the dog, in her answer to the complaint denies that “she owned or controlled the premises on which the incident giving rise to this suit occurred.” This is not an element of common-law liability; it is, however, an element of liability under § 3-6-1. Likewise, in her deposition, Jackson testified, as if proving provocation, that the dog did not start chasing McCaster until he looked around at the barking dog, yelled a profanity, and started running. We cannot hold that § 3-6-1 liability was not an issue in the trial court, because there was testimony before the trial court, when it entered the summary judgment, that McCaster did not provoke the dog, that he was at a place where he had a right to be, and that he was on or being chased by the dog from property controlled by Madeline Jackson when he was injured.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., concurs in part and dissents in part.

. The trial court entered summary judgments for Frame, Belcher, Jackson, and the estate of Mary R. Jackson. McCaster appeals only as to the summary judgment for Madeline Jackson.