**Donald G. WALLACE, et al., Plaintiffs-Appellants,**

v.

**BROWNELL PONTIAC–GMC COMPANY, INC., et al., Defendants-Appellees.**

No. 82–7258
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 21, 1983.

Jonathan E. Lyerly, Birmingham, Ala., for plaintiffs-appellants.

John H. Alsbrooks, Jr., Birmingham, Ala., for General Motors Acceptance Corp.

Joseph W. Letzer, Birmingham, Ala., for Brownell Pontiac-GMC Co.

Nolan C. Leake, King & Spalding, Atlanta, Ga., for General Motors Acceptance Corp.-Atlanta Counsel.

James T. Upchurch, III, Montgomery, Ala., for amicus curiae Auto Dealers Assoc., of Alabama.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

KRAVITCH, Circuit Judge:

On August 22, 1981, appellants Donald and Faye Wallace executed an "Instalment Sale Contract" with Brownell Pontiac-GMC covering the purchase and financing of an automobile. Among the charges disclosed in the contract was the amount of $37.50, which was denominated as a "clerical fee." The Wallaces subsequently filed this truth-in-lending action, alleging that the "clerical fee" was either a charge incident to the extension of credit that was required to be disclosed in the finance charge and reflected in the annual percentage rate or was a charge included in the amount financed that should have been clearly and conspicuously itemized.

Appellants filed written interrogatories and a request for production at the same time as the complaint. Before responding to the discovery requests, appellee Brownell Pontiac-GMC filed a motion for summary judgment supported by the affidavit of its vice president and sales manager, Bill Farley. Appellee General Motors Acceptance Corporation (GMAC) filed a motion to dismiss. Appellants responded by filing motions to compel discovery and to strike the affidavit of Bill Farley as well as a response to the motion for summary judgment. The district court overruled appellants' motion to strike the affidavit, granted the motions of the appellees for summary judgment,[1] and treated appellants' motion to compel discovery as moot. Appellants contend on appeal that the district court erred in granting summary judgment without allowing the appellants to complete the discovery necessary to ascertain facts that could be raised in opposition to the motion.

Under Fed.R.Civ.P. 56, a motion for summary judgment is properly made "at any

---

1. The district judge treated GMAC's motion to    dismiss as one for summary judgment.

time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party." Brownell Pontiac-GMC filed its motion two months after the action was commenced, and GMAC filed its amended motion to dismiss at the same time. The motions were, therefore, properly before the court.

■ The situation with which the appellants were faced—an outstanding motion for summary judgment before discovery was had—is contemplated by subsection (f) of the rule.[2] Subsection (f) allows a party who "has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2740 at 530 (2d ed. 1983). A party seeking the shelter of rule 56(f) must offer an affidavit explaining to the court why he is unable to make a substantive response as is required by subsection (e).[3] As the Fifth Circuit noted in *SEC v. Spence & Green Chemical Co.,* 612 F.2d 896 (1980), *cert. denied,* 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981),[4] the nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts," but rather he must specifically demonstrate " 'how postponement of a ruling on the motion will enable

him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.' " *Id.* at 901 (quoting *Willmar Poultry Co. v. Morton-Norwich Products, Inc.,* 520 F.2d 289, 297 (8th Cir. 1975), *cert. denied,* 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976)). The trial judge then has the discretion to continue the case for discovery. *See SEC v. Spence & Green Chemical Co.,* 612 F.2d at 901. If the court is satisfied with the nonmovant's explanations, the court may deny the motion without prejudice or may simply order a continuance.

In the instant case, the Wallaces did not comply with Fed.R.Civ.P. 56(f). Instead, they relied on their motions to compel discovery and to strike the Farley affidavit and their response to the motion for summary judgment. Although rule 56(f) is infused with a spirit of liberality, a trial court is under no obligation to treat such motions and responses as satisfying the requirements of subsection (f). Nevertheless, because the distinction is not crucial to the determination of this appeal, we will so treat the appellants' filings.

Thus, we must consider whether, viewing the litigation as a whole, the trial judge abused his discretion in granting summary judgment before appellants had the opportunity to undertake discovery. The answer lies in the disputed issue that informs this action—whether the designation of the

**2.** Fed.R.Civ.P. 56(f):
*When Affidavits are Unavailable.*
    Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**3.** Fed.R.Civ.P. 56(e):
*Form of Affidavits; Further Testimony; Defense Required.*
    Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of

all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

$37.50 "clerical fee" as an "Other Charge" without itemization of its components violated the requirements of Regulation Z, 12 C.F.R. § 226.8(c)(4).

In *Meyers v. Clearview Dodge Sales, Inc.,* 539 F.2d 511, 519 (5th Cir.1976), *cert. denied sub nom., Chrysler Credit Corp. v. Meyers,* 431 U.S. 929, 97 S.Ct. 2633, 53 L.Ed.2d 245 (1977), the Fifth Circuit ruled that documentary and make-ready fees such as the "clerical fee" imposed here may be imposed without separate itemization of the components of the charge. Inclusion of the "clerical fee" under the "Other Charges" section of the contract rather than the finance charge was also approved in *Knighten v. Century Dodge, Inc.,* 607 F.2d 1096, 1097 (5th Cir. 1979), and *Layfield v. Bill Heard Chevrolet Co.,* 607 F.2d 1097, 1099 (5th Cir.1979), *cert. denied,* 446 U.S. 939, 100 S.Ct. 2161, 64 L.Ed.2d 793 (1980). Assuming that the clerical fee was imposed in all sales, whether cash or credit, which Farley's affidavit confirms, we find that the applicable case law entirely undermines appellants' substantive contentions.

■ The appellees properly moved for summary judgment and produced an affidavit from Farley supporting their position. To preclude summary judgment, the appellants either should have produced affidavits or other evidence contradicting the movants, pursuant to Fed.R.Civ.P. 56(e), or explained their failure to do so under subsection (f). Treating their motions to compel and to strike Farley's affidavit as satisfying rule 56(f), we cannot determine that the trial judge abused his discretion by granting the motions for summary judgment. It would have been useless to continue discovery because the Fifth Circuit previously had decided the issue in question adversely to the appellants. The facts before the trial judge brought this case within the ambit of *Meyers;* hence, summary judgment was appropriate.

Appellants rely on *Parrish v. Board of Comm'rs of Alabama State Bar,* 533 F.2d 942, 948 (1976), for the principle that summary judgment may not be granted if discovery is not complete. In *Parrish,* the dispute involved allegations of discriminatory grading of bar examination papers. Access to those documents was crucial to the plaintiffs' case, and consequently, the court held it was error to grant summary judgment without first requiring production of the test papers. *Parrish,* however, does not stand for the blanket principle that appellants urge upon us. Using the same analysis that guides our decision, the *Parrish* court ruled that, upon the record before it, summary judgment was inappropriate. No such critical evidence was missing in this case. The "Instalment Sale Contract" was entered into the record. *Parrish,* consequently, is factually distinguishable from the instant appeal. Most, if not all, cases involving a rule 56(f) issue will be factually dissimilar. For this very reason, a blanket rule would be inappropriate.

We have considered appellants' other grounds of appeal and find them without merit. The decision whether to grant a continuance pursuant to Fed.R.Civ.P. 56(f) is committed to the sound discretion of the trial judge. Having determined that no abuse of that discretion occurred in this case, we AFFIRM.