John MONAHAN, Plaintiff,

v.

Charles L. WOLFF, Jr., et al., Defendants.

Jerry BISHOP, Plaintiff,

v.

Charles L. WOLFF, Jr., et al., Defendants.

Neal F. PITNEY, Plaintiff,

v.

Charles L. WOLFF, Jr., et al., Defendants.

James NEUBURGER, Plaintiff,

v.

Charles L. WOLFF, Jr., et al., Defendants.

Nos. CV–R–81–280–ECR, CV–R–82–6–ECR, CV–R–82–39–ECR and CV–R–82–40–ECR.

United States District Court, D. Nevada.

May 1, 1984.

John Monahan, in pro. per.

Jerry Bishop, in pro. per.

Neal F. Pitney, in pro. per.

James Neuburger, in pro. per.

Philip C. Kellotat, Carson City, Nev. (appointed inmate lay asst.), for Monahan and Pitney.

D. Brian McKay, Atty. Gen., Criminal Division by Brooke Nielsen, Deputy Atty. Gen., Carson City, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The defendants have moved for summary judgment, pursuant to Fed.R.Civ.P. 56, in these consolidated civil rights actions.

In August 1981, each of the plaintiffs was placed in administrative segregation at the Nevada State Prison. Each was given a classification hearing within five days thereafter. However, they were not given written notice of the subject matter of their respective hearings, nor were they advised of their rights to assistance from inmate law clerks and to call witnesses.

The classification committee, which conducted the hearings, had received information from the Nevada Investigation Division officer who was supervising an investigation into narcotics trafficking at the Prison. Information obtained by the investigators from inmates, visitors, pharmacy records and letters indicated that the plaintiffs herein were members of the Aryan Warriors prison gang and were actively participating in drug trafficking. At the time it was thought there was sufficient evidence for a grand jury to hand down indictments.

For the first sixty days after being transferred into administrative segregation, the plaintiffs were given weekly classification hearings. Thereafter, they received such hearings once a month. During February 1982, some six months after their transfers, the plaintiffs were charged with gang affiliation, a violation of the Code of Penal Discipline. Each was convicted in March, after a disciplinary hearing, and sentenced to ninety days disciplinary segregation, with credit given for time served.

No indictments were handed down against any of the plaintiffs by the grand jury that considered the drug trafficking evidence against them.

The defendants contend that the failure, prior to the initial classification hearing, to give the plaintiffs written notice which, in addition to the subject and purpose of the classification hearing, is required to advise the inmates of their rights to assistance and to call witnesses, was non-prejudicial. First of all, the plaintiffs are long-time prison inmates who have been through classification hearings before. Therefore, their failure to object to the lack of notice constituted a waiver, according to the defendants. Second, the weekly and then monthly classification hearings that followed did not change the result, although the required written notice was given. The plaintiffs were found to be properly in administrative segregation, and were kept in that level of custody.

It is also urged by the defendants that the prison officials did not act arbitrarily, but did afford the plaintiffs the minimal due process to which they were entitled.

In their memorandum of points and authorities in opposition to the motion for summary judgment, the plaintiffs complain that the defendants have stonewalled them on discovery and have refused three of the plaintiffs access to their court-appointed inmate legal assistant. As a result, they must fight the granting of the motion without factual information and evidence to which they are entitled, and without the benefit of consultation with their inmate legal assistant. They point out that Fed.R. Civ.P. 56(f) authorizes the court to deny the motion for summary judgment in such circumstances.

The defendants, in reply, insist that the plaintiffs have been provided with all the discovery materials to which they are entitled. It is noted by the defendants that the evidence presented to the grand jury is made secret by State law. In addition, the specifics of the information relied on by the defendants in deciding to place the plaintiffs in administrative segregation would endanger the inmate informants who provided such information.

Nevada Department of Prisons Procedure No. 205(7) specifies that inmates may be placed in administrative segregation under the following circumstances: To allow time for classification of inmates; to maintain order in the institution; to protect inmates; or to assess the possibility of re-programing in less secure housing. Subsection (8)a(2) of the same rule requires that when an inmate's level of custody is considered for an increase, a written notice is required. The notice shall indicate that the inmate has the right to be assisted by a staff member of his own choosing at the hearing. Subsection (8) also directs that the classification committee may not consider misconduct unless the disciplinary committee has made an unfavorable finding regarding the inmate's conduct.

■ Mere procedural guidelines to be used in connection with administrative segregation are not, without more, sufficient to create a liberty interest protected by the Fourteenth Amendment Due Process Clause. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983). However, when the state rule does not allow for administrative segregation in the absence of specified substantive predicates, a protected liberty interest has been created. *Ibid.* Here, an inmate may not be placed into such segregated custody unless one of the four circumstances listed in Procedure No. 205(7) has been found to exist. Therefore, the plaintiffs do have a protected liberty interest. In such a case, minimum procedural safeguards serve as a hedge against arbitrary determination of the factual predicate. *See Wolff v. McDonnell*, 418 U.S. 539, 572 n. 19, 94 S.Ct. 2963, 2982 n. 19, 41 L.Ed.2d 935 (1974). The law is that an informal, non-adversary evidentiary review is procedurally sufficient to support an inmate's placement in administrative segregation. *See Toussaint v. Yockey*, 722 F.2d 1490, 1494 n. 6 (9th Cir. 1984). That law was summarized by the United States Supreme Court in *Hewitt v. Helms, supra* at 103 S.Ct. 874:

"We think an informal, nonadversary evidentiary review sufficient both for the decision that an inmate represents a security threat and the decision to confine

an inmate to administrative segregation pending completion of an investigation into misconduct charges against him. An inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Ordinarily a written statement by the inmate will accomplish this purpose, although prison administrators may find it more useful to permit oral presentations in cases where they believe a written statement would be ineffective. So long as this occurs, and the decision maker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied."

The classification hearings held for the plaintiffs herein therefore pass constitutional muster. The reason that such minimal standards are considered sufficient is explained in 103 S.Ct. on pages 872 and 873 of the *Hewitt* opinion. The inmate there was felt to pose a threat to the safety of other inmates, and it was believed wise to isolate him from those inmates who might provide information or evidence against him as to the misconduct of which he was suspected. The decision to confine him in administrative segregation would not have been helped materially by a detailed adversary proceeding, for subjective evaluations as to the relationships among prisoners, the volatility of the prison atmosphere and the nature of current rumors within the prison all are properly considered by prison officials in exercising their judgment. The plaintiffs herein also are believed to have coerced and intimidated other inmates into aiding them in the smuggling of narcotics into the prison and in obtaining prescription drugs.

While, admittedly, the procedural rules of the State Department of Prisons were breached, especially as to notification as to the rights to staff assistance and to call witnesses, the breaches did not violate the plaintiffs' protected liberty interest. *See Olim v. Wakinekona,* 461 U.S. 238,

103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983); *Gonzales v. McEuen,* 435 F.Supp. 460, 463 (C.D.Cal.1977). The defendants' failure to follow State procedural rules did not rise to constitutional proportions; although State law was violated, it did not infringe upon a right protectible under the federal Civil Rights Act. *Ibid.; see also Winnick v. Manning,* 460 F.2d 545, 550 (2nd Cir.1972). A claim that state officials violated state law in carrying out their official responsibilities is precluded by the Eleventh Amendment from being litigated in federal court. *Pennhurst State School & Hosp. v. Halderman,* —— U.S. ——, 104 S.Ct. 900, 917, 919, 79 L.Ed.2d 67 (1984). Thus, although the Court agrees that the defendants should be required to follow the Department of Prison rules (no excuse has been given for the insufficiency of the notice given to the plaintiffs prior to their initial classification hearings), the Court's jurisdiction is limited to cases involving violations of procedural due process that are protected by the Fourteenth Amendment to the United States Constitution. The uncontroverted facts disprove any such violations.

Since any remedy must be sought in a Nevada state court, the issue of whether the defendants have thwarted the plaintiffs' discovery need not be resolved here. There is no genuine issue of material fact that further discovery would help decide. The undisputed facts show, as a matter of law, that the plaintiffs have been afforded due process. Therefore, the Court's discretion under Fed.R.Civ.P. 56(f), to refuse the application for summary judgment or to order a continuance, would not be exercised properly in these circumstances. *See British Airways Board v. Boeing Company,* 585 F.2d 946, 954 n. 12 (9th Cir.1978); *Wallace v. Brownell Pontiac-GMC Co., Inc.,* 703 F.2d 525, 528 (11th Cir.1983).

IT IS, THEREFORE, HEREBY ORDERED that the defendants' motion for summary judgment be GRANTED.