COMCAST CABLEVISION OF BRO-
WARD COUNTY, INC. and Advocate
Communications, Inc., d/b/a Advanced
Cable Communications, Plaintiffs,

v.

BROWARD COUNTY, Florida,
Defendant.

TCI TKR of South Florida, Inc.
and MediaOne of Greater
Florida, Inc.

v.

Broward County, Florida, Defendant.

No. 99–6934–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Feb. 22, 2000.

Philip J. Kantor, Terry S. Bienstock, Jeffrey Allen Jacobs, Bienstock & Clark, Miami, FL, for Comcast Cablevision of Broward County, Inc., Advocate Communications, Inc.

Ralph Benjamin Reid, Gary Michael Pappas, Carlton Fields Ward Emmanuel Smith & Cutler, Miami, FL for TCI TKR of South Florida, Inc., MediaOne of Greater Florida.

Alan Steven Becker, Fort Lauderdale, FL, Gary Charles Rosen , Becker & Poliakoff, Fort Lauderdale, FL, Roberto Martinez, Dean Churchill Colson, Enid Duany Mendoza, Colson Hicks Eidson Colson, Coral Gables, FL, Luis Sergio Konski, Becker & Poliakoff, Miami, FL, Michael Carvin, Cooper Carvin & Rosenthal, Washington, DC, for Broward County.

## ORDER DENYING SUMMARY JUDGMENT

MIDDLEBROOKS, District Judge.

This Cause came before the Court upon Plaintiffs Comcast's and Advanced's Motion for Summary Judgment, filed September 24, 1999 (DE# 26). In ruling upon this Motion, the Court considered Plaintiffs' Memorandum of Law in support of their Motion (DE# 36), Defendant's Response (DE# 53), and Plaintiffs' Reply (DE# 61), as well as Defendant's Statement of Material Facts in Dispute (DE# 49). The Court has examined the file and is otherwise fully informed in the premises.

1. The parties' positions [1]

Plaintiffs posit that Broward County's Ordinance requiring equal access to cable operators' broadband Internet services imposes special obligations and burdens upon the speech of cable operators, thereby necessitating the heightened First Amendment scrutiny applied in the Supreme Court's recent "must-carry" cases. *See Turner Broad. Sys., Inc. v. FCC*, 512 U.S.

---

1. In ruling upon this Motion, the Court considers only those portions of the parties' pleadings relating to Plaintiffs' First Amendment claims, for by separate order the Court has dismissed Plaintiffs' other claims. *See* Feb. 9, 2000 Ord. (DE# 77).

622, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994) (*"Turner I"*); *Turner Broad. Sys., Inc. v. FCC,* 520 U.S. 180, 117 S.Ct. 1174, 137 L.Ed.2d 369 (1997) (*"Turner II"*). Assuming the Ordinance to be content-neutral for purposes of this Motion, Plaintiffs submit that under *Turner,* the Ordinance may be sustained only if it furthers an important or substantial governmental interest unrelated to the suppression of free expression and its incidental restrictions on cable operators' speech is no greater than is essential to the furtherance of that interest. *See* Pltfs' Mem. Supp. Mot. at 1 (citing *United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968)).

Plaintiffs contend that although Defendant has asserted governmental interests recognized as important in *Turner,* Defendant "cannot show that any of the alleged harms are real, that the Ordinance will in fact alleviate the purported harms in any way, or that the Ordinance does not burden substantially more speech than necessary." *Id.* at 2. In so arguing, Plaintiffs distinguish this case from *Turner,* where the Supreme Court eventually affirmed a summary judgment ruling for the Government. As the Supreme Court's opinion in *Turner II* demonstrates, Congress compiled and considered an extensive record of information and studies before enacting the Cable Television Consumer Protection and Competition Act of 1992 ("the Cable Act"), the statute challenged in *Turner. See Turner II,* 520 U.S. at 187, 117 S.Ct. 1174. Unlike the extensive record before Congress in *Turner II,* Plaintiffs argue Defendant enacted the Ordinance with little evidentiary support. Indeed, Plaintiffs maintain that the record did not support Defendant's claim that the increased competition engendered by the Ordinance would benefit consumers, but rather suggested that the Ordinance itself would likely harm consumers. *See* Pltfs' Mem. Supp. Mot. at 2. According to Plaintiffs, "[r]eview of the evidence the Board considered to reach its conclusion that 'open access' regulations would promote competition for Internet service delivery is devoid of any specific correlation between the level of competition in the Broward County's particular market for Internet services delivery and the current absence of 'open access' on franchised cable operators' systems." *Id.* at 6. In addition, Plaintiffs contend the record shows that the County failed to consider any alternatives, instead acting at the behest of Plaintiffs' competitors. *Id.* at 2, 10.

In response, Defendant argues that summary judgment is inappropriate because there has been inadequate time for discovery. Dft's Resp. at 9 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (summary judgment is appropriate only "after adequate time for discovery.")). Therefore, Defendant requests an opportunity to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f):

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for the reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such order as is just.

*Id.* Defendant cites *Wallace v. Brownell Pontiac–GMC Co.,* 703 F.2d 525, 527 (11th Cir.1983) for the proposition that Rule 56(f) "allows a party who 'has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof.'" *Id.* That only nine weeks separated Plaintiffs' complaint and summary judgment motion. Defendant maintains, supports its position. *Id.* at 10.

In addition, Defendant cites specific examples of factual dispute. First, Defendant contests Plaintiffs' premise that there are bandwith capacity constraints limiting a cable operator's ability to accommodate multiple Internet Service Providers ("ISPs"). *Id.* at 15. Second, Defendant disputes Plaintiffs' assertion that the "Ordinance burdens cable operators' speech

by ... degrading the quality of operators' cable programming and other broadband services." *Id.* at 16 (quoting Pltfs' Mem. Supp. Mot. at 3). Third, Defendant questions Plaintiffs' claim that "given the choice, [they] would elect to use their respective facilities to provide access to only ISPs of their choice and would not choose to offer 'open access' to any requesting ISP." *Id.* (quoting Pltfs' Mem. Supp. Mot. at 4).

Plaintiffs reply that discovery pursuant to Rule 56(f) would be useless because the only evidence pertinent to whether the Ordinance violates the First Amendment is that which was before Defendant when it enacted the Ordinance. Pltfs' Reply at 1. According to Plaintiffs, the Court is restricted to considering Defendant's legislative record when determining whether the Ordinance was supported by substantial evidence. *Id.* at 9 (citing *Turner II,* 520 U.S. at 211, 117 S.Ct. 1174). Plaintiffs note that Defendant has not asserted that its legislative conclusions were reasonable and supported by substantial evidence and characterizes Defendant's request for discovery as an admission that its decision was not supported by substantial evidence. *Id.* at 10—11.

### 2. Summary judgment standard

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of meeting this exacting standard. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *See Arrington v. Cobb County,* 139 F.3d 865, 871 (11th Cir.1998); *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997).

The non-moving party, however, bears the burden of coming forward with evidence of each essential element of its claims, such that a reasonable jury could find in its favor. *See Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1080 (11th Cir. 1990). The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response ... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Further, conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment. *See Earley,* 907 F.2d at 1081. The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

### 3. Analysis

To satisfy the *O'Brien* test, which the Supreme Court applied to the must-carry provisions of the Cable Act, the Government in *Turner I* asserted three substantial governmental interests that it maintained were furthered by the provisions without unduly restricting First Amendment freedoms: (1) preserving the benefits of free, over-the-air local broadcast television, (2) promoting the widespread dissemination of information from a multiplicity of sources, and (3) promoting fair competition in the market for television programming. *Turner I,* 512 U.S. at 662, 114 S.Ct. 2445. While the Court acknowledged the importance of these interests in the abstract, the Court demanded that the Government demonstrate the harms sought to be alleviated were real and that the provisions would alleviate the harms in a real and direct way. *Id.* at 663, 114 S.Ct. 2445.

In vacating the District Court's grant of summary judgment in favor of the Government, the Court stressed that the record as developed before the District Court was insufficient for it to perform the *O'Brien* analysis. *Id.* at 667—668, 114 S.Ct. 2445. Based on the record before it, the Court could not conclude that the harms posited by the Government were real ones, nor could it determine whether the challenged provisions had any positive effects and whether they did so without unduly restricting speech or whether less restrictive means were available. *Id.* The Court concluded as follows:

> Because of the unresolved factual questions, the importance of the issues to the broadcast and cable industries, and the conflicting conclusions that the parties contend are to be drawn from the statistics and other evidence presented, we think it necessary to permit the parties to develop a more thorough factual record, and to allow the District Court to resolve any factual disputes remaining, before passing upon the constitutional validity of the challenged provisions.

*Id.* at 668, 114 S.Ct. 2445.

On remand, the District Court again granted summary judgment in favor of the Government, but only after 18 months of additional factfinding. *Turner II,* 520 U.S. at 187, 117 S.Ct. 1174. In addition to materials acquired by Congress during the three years of hearings it conducted before enacting the Cable Act, the District Court considered additional expert submissions, sworn declarations and testimony, and industry documents obtained on remand. *Id.* The case again made its way to the Supreme Court. There, the Court, also considering both evidence originally before Congress and supplementary evidence obtained on remand, affirmed the decision of the District Court. *Id.* at 225, 117 S.Ct. 1174.

Instructed by *Turner I & II,* the Court finds, upon review of the record before it, that material issues of fact remain unresolved, precluding an award of summary judgment. Accordingly, the Court **DENIES** Plaintiffs' Motion (DE# 26), thereby permitting further development of the facts underlying Defendant's decision to enact the Ordinance.[2]

---

2. Plaintiffs argue the following language quoted from *Turner II* indicates the Court should limit its examination to the evidence that was before Congress when it made its decision to enact the Cable Act:

> The question is not whether Congress, as an objective matter, was correct to determine must-carry is necessary to prevent a substantial number of broadcast stations from losing cable carriage and suffering significant financial hardship. Rather, *the question is whether the legislative conclusion was reasonable and supported by substantial evidence in the record before Congress.*

See Pltfs' Reply at 9 (quoting *Turner II,* 520 U.S. at 211, 117 S.Ct. 1174) (emphasis add-

ed). Since Defendant cannot rely on facts outside its legislative record to support its decision, Plaintiffs contend further factual development would be fruitless. Defendant being seemingly unable to cite its record for support, Plaintiffs argue that summary judgment in their favor must follow. It is clear from reading *Turner II,* however, that the Court considered both the evidence that was before Congress and that which was obtained upon further factual development on remand. *Turner II,* 520 U.S. at 196, 117 S.Ct. 1174. Thus, the Court finds that we could consider evidence produced during discovery to clarify the factual record presently before the Court.