[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2006
THOMAS K. KAHN
CLERK

_____

Nos. 05-11616 & 05-13248
Non-Argument Calendar

_____

D. C. Docket No. 04-01032-CV-S-S

GLORIA D. YELDER,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF DEFENSE,
SECRETARY OF DEFENSE, DEFENSE SECURITY
SERVICE, DONALD RUMSFELD, The Honorable,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

**(January 31, 2006)**

Before DUBINA, HULL  and HILL, Circuit Judges.

PER CURIAM:

We have carefully reviewed the issues raised in this Title VII action by Appellant Gloria Yelder as to the merits of her case by examining the record, the briefs, and the arguments of counsel contained therein. Under a *de novo* standard of review, we conclude that the order of the district court, dated January 13, 2005, adopting the findings and recommendations of the chief magistrate judge in his eleven-page recommendation dated December 21, 2004, granting summary judgment to the Appellee United States Department of Defense on the basis of *res judicata*, is correct. [1] This appeal is

**AFFIRMED.**

---

[1] In addition, the district court did not abuse its discretion in granting summary judgment prior to the filing of an answer and before discovery given that Yelder did not file a Rule 56(f) motion or demonstrate how discovery would have enabled her to rebut the Department of Defense's showing of an absence of a genuine issue of material fact. *See Wallace v. Brownell Pontiac-GMC Co.*, 703 F. 2d 525, 527-28 (11th Cir. 1983). Nor did the district court err in granting the Department of Defense's motion to substitute the United States as the sole defendant pursuant to 28 U.S.C. § 2679(d)(1) and 28 C.F.R. § 15.4(a).