[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12143
Non-Argument Calendar

_____

D. C. Docket No. 02-01524-CV-KOB-JEO

OLIN GRIMSLEY,

Plaintiff-Appellant,

versus

DR. WILLIAM HAMMACK,
DR. ANDY MADDUX, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 27, 2007)**

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Olin Grimsley, a prisoner proceeding pro se, appeals the grant of the defendants' motions for summary judgment in his 42 U.S.C. § 1983 civil rights action. Grimsley named Dr. William Hammack, Medical Director at St. Clair Correctional Facility ("St. Clair"); NaphCare, Inc., contract provider of medical services; Dr. Andy Maddux, nephrologist; Jim Henson, a nurse; Ralph Hooks, Warden at St. Clair; and Donal Campbell, Alabama Department of Corrections Commissioner, as defendants. Grimsley argues that he established a prima facie case of deliberate indifference to his medical needs and presented a genuine issue of material fact regarding the placement of an arteriovenous ("AV") graft in his arm and the defendants' failure to remove it. Grimsley also argues that the district court erred in denying his motions to appoint counsel because counsel was needed to assist him in the prosecution of his case. Second, Grimsley argues that the district court abused its discretion by denying his motion to amend his complaint. Last, Grimsley argues that the district court abused its discretion by denying his motion to obtain his medical records because those documents were relevant and necessary to develop significant aspects of his case.

For the reasons set forth more fully below, we affirm.

I.

We review the district court's ruling on a motion for summary judgment de novo. Rojas v. Florida, 285 F.3d 1339, 1341 (11th Cir. 2002). The moving party

2

is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." Rojas, 285 F.3d at 1341-42 (citation and quotation omitted).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Deliberate indifference contains both an objective and subjective component. Id. A plaintiff first must demonstrate an "objectively serious medical need." Id. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citation and quotation omitted). Further, the medical need must be one that poses a substantial risk of serious harm if left unattended. Id.

Once a serious medical need is shown, a plaintiff must satisfy the subjective inquiry, establishing that "the prison official acted with deliberate indifference to that need." Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005) (citation and quotation omitted). However, a "simple difference in medical opinion" does not

3

constitute deliberate indifference. <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1033 (11th Cir. 1989). "[T]he question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." <u>Adams v. Poag</u>, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

As an initial matter, the district court properly granted summary judgment as to Dr. Hammack because Grimsley did not present any evidence to show that Dr. Hammack either was aware of his serious medical need, or directly participated in his care and treatment. Accordingly, Grimsley failed to establish a genuine issue of material fact as to whether Dr. Hammack acted with deliberate indifference. As to the remaining defendants, the following analysis considers separately: (1) the placement of the AV graft on March 20, 2002; and (2) the failure to remove the AV graft. Grimsley does not raise any arguments with respect to his initial dialysis on appeal and, thus, has abandoned the issue. <u>See</u> <u>Sepulveda v. United States</u>, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

**A. Placement of the AV Graft on March 20, 2002**

With respect to the placement of the AV graft, it is undisputed that Grimsley had an objectively serious medical need, acute kidney failure, at the time the graft was implanted. Dr. Simon, a staff physician, diagnosed the acute kidney failure

4

while Grimsley was in custody at Limestone Correctional Facility ("Limestone") on February 11, 2002. Grimsley was transferred to St. Clair and was subsequently sent to a non-prison hospital for examination and testing. Grimsley received dialysis treatment at St. Clair after blood tests, x-rays, and other examinations confirmed Dr. Simon's diagnosis. On March 20, 2002, Dr. Maddux, a nephrologist at St. Clair, decided to implant an AV graft in Grimsley's arm, presumably to provide a more stable access point for future dialysis. However, the graft was never used because dialysis treatments were discontinued on March 25, 2002, after blood and urine tests, and an MRI revealed that Grimsley's kidney function had returned to normal. The defendants asserted that Grimsley's course of treatment was far more expensive than merely monitoring his condition, which ultimately would have been easier and less expensive.

Although Grimsley disputes the necessity of implanting the AV graft to address his serious medical need, he provides no evidence that refutes Dr. Maddux's medical judgment that the AV graft was necessary at the time it was implanted. To the contrary, the evidence shows that the defendants provided the necessary care and treatment to correct Grimsley's kidney failure, but not the treatment Grimsley believes he should have received. Matters of medical judgment extend to whether the defendants should have provided additional forms of treatment. See Adams, 61 F.3d at 1545; see also Harris v. Thigpen, 941 F.2d

5

1495, 1505 (11th Cir. 1991) (stating, "[n]or does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's . . . course of treatment support a claim of cruel and unusual punishment"). Because Grimsley only has shown a difference of medical opinion in the manner in which the defendants treated his condition, he has not raised a genuine issue of material fact regarding deliberate indifference. See Adams, 61 F.3d at 1545; Harris, 941 F.2d at 1505.

**B. Failure to Remove the AV Graft**

Here, the evidence, viewed in the light most favorable to Grimsley, did not demonstrate that the defendants were deliberately indifferent to a serious medical need of Grimsley's. The evidence showed that Grimsley experienced pain, numbness, and swelling in his left arm, near the site of the AV graft, and repeatedly complained to the prison medical staff. However, Grimsley provided only his own unsupported allegations that the AV graft was the cause of this pain and that removal of the graft constituted a serious medical need. No physician mandated that the AV graft be removed, and Grimsley failed to show that the failure to remove the graft caused such obvious effects that even a lay person would have recognized the necessity for its removal. See Farrow, 320 F.3d at 1243. To the contrary, the medical evidence in the record demonstrated that Grimsley was examined on several occasions, by both the prison medical staff and

6

independent doctors, who each determined that there was no sign of infection or problem with the graft, and who explained that removal of the graft was not medically necessary and, in fact, could cause an increase in pain and numbness near the graft site post-surgery. Grimsley, therefore, did not provide any evidence that the removal of the AV graft rose to the level of a serious medical need, as required to grant relief under the Eighth Amendment. See Adams, 61 F.3d at 1543.

Therefore, because Grimsley has neither provided evidence that the defendants' placement of the AV graft in response to his serious medical need was deliberately indifferent, nor shown that the failure to remove the graft was itself a serious medical need, he has not shown that his Eighth Amendment rights were violated. See Adams, 61 F.3d at 1543. Because Grimsley, in opposing the defendants' motions for summary judgment, did not set forth specific facts showing that there was a genuine issue for trial, the district court did not err in granting the defendants' summary judgment motions as to his deliberate indifference claim.

Finally, to the extent that Grimsley argues that the district court erred in denying his motions to appoint counsel, the orders at issue were entered by a magistrate. A district court may refer most non-dispositive motions, with certain exceptions, to a magistrate for disposition. See 28 U.S.C. § 636(b). "[W]here a party fails to timely challenge a magistrate's non-dispositive order before the

7

district court, the party waived his right to appeal those orders in this Court."

Smith v. Sch. Bd. of Orange County, 487 F.3d 1361, 1365 (11th Cir. 2007)

(citation omitted); see Fed.R.Civ.P. 72(a) (stating that a party must file objections

to a magistrate's order within 10 days after being served with a copy of the order).

Here, Grimsley did not file any objections to the magistrate's orders. Thus,

because he failed to challenge the magistrate's orders before the district court, he

waived his right to appeal them here. See Smith, 487 F.3d at 1365; Fed.R.Civ.P.

72(a). For all of these reasons, we affirm as to this issue.

## II.

We review the denial of a motion to amend a complaint under an abuse of

discretion standard. Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341

F.3d 1292, 1300 (11th Cir. 2003). Under Fed.R.Civ.P. 15(a), leave to amend "shall

be freely given when justice so requires." Here, the district court withdrew, in part,

the magistrate's order denying Grimsley's motion to amend his original complaint

to include an additional claim against the defendants alleging that they failed to

remove the AV graft because he refused to sign a consent form that included an

absolute waiver of liability. Accordingly, to the extent the district court granted

this portion of Grimsley's motion to amend, his argument on appeal is moot. As to

the denial of Grimsley's motion to amend his original complaint to include

additional defendants, the district court did not abuse its discretion in denying this

8

portion of his motion, which would have caused undue delay, and would have resulted in unfair prejudice to the additional defendants. See Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) (holding district court did not abuse its discretion in denying motion to amend when amendment would have resulted in undue delay and expense, and resulted in unfair prejudice to the defendants).

III.

We review a district court's decision to grant summary judgment prior to conducting discovery for an abuse of discretion. See Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525, 527-28 (11th Cir. 1983). Rule 56(b) states, "A party against whom a claim . . . is asserted . . . may, at any time, move . . . for a summary judgment." Fed.R.Civ.P. 56(b). Rule 56(f) states, "Should it appear from the affidavits of a party opposing the [motion for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit . . . discovery to be had." Fed.R.Civ.P. 56(f). "[T]he nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Wallace, 703 F.2d at 527 (citations and quotations omitted).

9

Here, Grimsley failed to file a motion pursuant to Rule 56(f) and, instead, filed a "notice" advising the district court that he was unable to obtain a copy of his medical records. The district court construed this notice as a motion to conduct additional discovery. Even if Grimsley had filed a proper motion under Rule 56(f), he would still not prevail because he did not, and does not, demonstrate how additional discovery "will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." Wallace, 703 F.2d at 527. Moreover, to the extent Grimsley asserts that the defendants had an unfair advantage because they had access to his medical records, the record demonstrates that Grimsley was properly served with copies of the defendants' responses containing the requested documents, and Grimsley did not challenge service below. Accordingly, the district court did not abuse its discretion by denying his motion.

In light of the foregoing, the granting of defendants' motions for summary judgments is

**AFFIRMED.**