[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11167

_____

D. C. Docket No. 05-61238-CV-JIC

RICHARD ROSS,

Plaintiff-Appellee,

versus

M/Y ANDREA ARAS, her
tackle, equipment, boats,
engines and appurtenances, in rem,

Defendant,

COLIN CHISHOLM,
ANDREA CHISHOLM,
in personam,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 27, 2008)**

Before CARNES and MARCUS, Circuit Judges, and BUCKLEW,* District Judge.

PER CURIAM:

This is Colin and Andrea Chisholm's appeal of several district court orders in this maritime foreclosure case. In 2005 the Chisholms purchased the Andrea Aras, an eighty-four foot motor yacht, from Richard Ross. They made a down payment for part of the purchase price, and they executed a note and mortgage in favor of Ross for the rest. It is undisputed that they defaulted under the terms of the note by, among other things, failing to make required payments. After they defaulted Ross filed suit seeking to foreclose on the yacht. The district court granted summary judgment to Ross on his foreclosure and related breach of contract claims, and later held a bench trial on several defenses and counterclaims raised by the Chisholms. The district court entered findings of fact and conclusions of law rejecting those defenses and counterclaims and entered final judgment in favor of Ross. The Chisholms appealed.

The Chisholms first contend that the district court erred in granting summary judgment on the foreclosure and breach of contract claims because discovery was not yet complete. We review de novo the district court's grant of summary judgment. Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999). We

---

* Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.

review only for an abuse of discretion the district court's decision to deny a motion under Federal Rule of Civil Procedure 56(f) seeking to postpone summary judgment until further discovery is completed. Wallace v. Brownell Pontiac-GMC Co., Inc., 703 F.2d 525, 528 (11th Cir. 1983). It is undisputed that the Chisholms executed the note and mortgage, took possession of the yacht, and later defaulted under the terms of the note. The district court correctly granted summary judgment on the foreclosure and breach of contract claims because there was no dispute as to any of those facts. Moreover, the affidavit Colin Chisholm filed with his Rule 56(f) motion did not set forth with particularity any facts that he expected to discover that would preclude summary judgment. See Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998). The district court not only correctly granted summary judgment, but it did so at an appropriate time as well.

The Chisholms next contend that the district court abused its discretion by failing to impose discovery sanctions on Ross and Luke Brown & Associates, the broker involved in the yacht's sale, and by failing to hold Ross and Luke Brown in contempt. We review only for an abuse of discretion a district court's decision about whether to impose discovery sanctions and whether to hold a party in contempt. See generally McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000); Phipps v. Blakenly, 8 F.3d 788, 790 (11th Cir. 1993). The district court did

3

not find that Ross or Luke Brown violated any discovery orders. Even if it had, the court still would not have been required to impose sanctions or hold Ross or Luke Brown in contempt. Our abuse of discretion standard of review recognizes "a zone of choice within which the trial courts may go either way." Cooper v. Southern Co., 390 F.3d 695, 711 (11th Cir. 2004) (internal quotation marks and citation omitted). Absent a showing that the district court applied an incorrect legal standard or made a clear error of judgment, see id. at 711–12, neither of which occurred here, we will not disturb the district court's exercise of discretion.

The Chisholms also contend that the district court erred in denying their motion to amend their answer to include an additional defense of "lack of consideration." They argue that because title to the yacht passed from Ross to Luke Brown and then from Luke Brown to them, and Ross did not "fund" the $980,000 "loan" by paying Luke Brown that amount, the note and mortgage in favor of Ross were not supported by consideration. The district court denied their motion to amend on the ground that it would be futile to assert that defense because it was "irrelevant." We review de novo that decision. See St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 822 (11th Cir. 1999). We agree with the district court's conclusion. The nature of Ross' arrangement with Luke Brown is not relevant. What is relevant is that the

4

Chisholms received a yacht in exchange for executing a note and mortgage in favor of Ross, and that is sufficient consideration to support the note and mortgage. An amendment asserting to the contrary would have been futile.

Finally, the Chisholms contend that the district court incorrectly calculated the amount of the deficiency judgment against them. At the interlocutory sale of the yacht Ross, as the only bidder, purchased the yacht. He then almost immediately resold the yacht under a conditional sale agreement he had worked out before the auction. The district court used the amount of the conditional sale, less the commission paid to the broker, to set the fair value of the yacht for purposes of the deficiency judgment. "On appeal following a bench trial, a district court's conclusions of law are reviewed de novo, and its findings of fact are reviewed for clear error." A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp., 334 F.3d 997, 1003 (11th Cir. 2003).

Our predecessor court recognized that district courts enjoy considerable discretion in making such determinations, see Walter E. Heller & Co. v. O/S Sonny V., 595 F.2d 968, 971–72 (5th Cir. 1979)[1], and we see no reason why the district court's valuation should be set aside. It is true that the fair value the district court

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit that were rendered prior to October 1, 1981.

set was considerably lower than the price the Chisholms paid for the yacht, but more than a year had passed between their purchase and the foreclosure, and the only evidence the district court had of the value of the yacht was the auction price and the conditional sale price. The court chose the conditional sale price, which was the higher of the two, as the fair value of the yacht. We cannot say that the district court clearly erred in arriving at the valuation it reached. As Ross points out, he had every incentive to sell the yacht for the highest price he could obtain given the difficulty he would have in collecting any deficiency judgment against the Chisholms.

**AFFIRMED.**