[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10816
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-03792-RWS

SANDRA CARTER,

Plaintiff-Appellant,

versus

HSBC MORTGAGE SERVICES, INC.,
MCCURDY CANDLER, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 27, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Sandra Carter, proceeding *pro se*, appeals from the district court's grant of

summary judgment to HSBC Mortgage Services, Inc. ("HSBC") on all counts of

her first amended complaint arising out of HSBC's foreclosure of the mortgage on her home in January 2014.  After careful review, we affirm.

Carter's claims all relied on a central factual allegation:  HSBC failed to comply with paragraph 22 of her security deed, which required HSBC to give Carter notice of the default and an opportunity to cure within 30 days before accelerating the mortgage debt and proceeding with foreclosure.

In moving for summary judgment, HSBC presented evidence showing that it had mailed the pre-acceleration notice to Carter on June 16, 2013, and that, under paragraph 15 of the security deed, the notice was deemed given to Carter upon mailing.  *See* Security Deed, ¶ 15 (Doc. 48-2 at 24) ("Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.").  Carter responded with a personal declaration asserting that HSBC never sent or provided her with the required notice.

The district court, adopting the report and recommendation of a magistrate judge over Carter's objections, granted summary judgment to HSBC.  The court determined that undisputed facts established that HSBC complied with the notice requirements of the security deed.  The fact that Carter did not receive the notice, the court found, was "immaterial."  Carter's claims still failed even if the notice

2

was not sent, the court stated, because she did not show that she had been damaged by the lack of notice.

On appeal, Carter first argues that she did not have a meaningful opportunity to conduct discovery before the district court granted summary judgment. We review this issue for an abuse of discretion. *See Wallace v. Brownell Pontiac-GMC Co., Inc.*, 703 F.2d 525, 527 (11th Cir. 1983).

It is well-established that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga. Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988). If for some reason a party is unable to present facts essential to justifying its opposition to a summary-judgment motion, the court may postpone a ruling on the motion in order to permit additional discovery. *See* Fed. R. Civ. P. 56(d). But "the nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather [s]he must specifically demonstrate how postponement of a ruling on the motion will enable [her], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Wallace*, 703 F.2d at 527 (internal quotation marks omitted).

Here, Carter was not denied a meaningful opportunity to conduct discovery. After the court approved HSBC's preliminary report and discovery plan, Carter

3

had at least one month to conduct discovery before HSBC filed its motion for summary judgment, but she submitted no discovery requests about the straightforward factual issue.  We recognize that Carter is a *pro se* litigant for whom the discovery process was likely a bit of a mystery, but "once a *pro se* IFP litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  These rules provide the relevant rules of discovery.  Also, the record does not support Carter's claim that the court denied her discovery requests as to HSBC.[1]

More importantly, Carter does not identify with any specificity how granting additional discovery would have enabled her "to rebut the movant's showing of the absence of a genuine issue of fact."  *See Wallace*, 703 F.2d at 527.  In particular, she does not indicate how she could have rebutted HSBC's evidence that it mailed the required notice of default.  Because Carter offered only "vague assertions that additional discovery will produce needed, but unspecified, facts," the district court did not abuse its discretion in denying her an opportunity to conduct additional discovery.  *See id.*

Next, Carter argues that the district court erred in finding both that HSBC

---

[1]  Although the district court stayed discovery as to Carter's claims against McCurdy & Candler LLC pending resolution of its motion to dismiss, the grant of which she does not appeal, discovery went forward as to HSBC.

sent her pre-acceleration notice of default, as required by paragraph 22 of her security deed, and that she failed to show that she had been damaged even if the notice was not sent.

We review a grant of summary judgment *de novo*, viewing the evidence and drawing all reasonable inferences in the non-movant's favor. *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Therefore, summary judgement may be granted "[i]f the evidence is merely colorable . . . or is not significantly probative." *Id.* at 249–50 (citations omitted).

Under Georgia law, a foreclosing party's failure to comply with pre-acceleration notice requirements in a security deed may give rise to claims for both wrongful foreclosure and breach of contract. *BAC Home Loans Servicing, L.P. v. Wedereit*, 759 S.E.2d 867, 871–72 (Ga. Ct. App. 2014), *rev'd on other grounds*, 773 S.E.2d 711 (Ga. 2015); *see* O.C.G.A. § 23-2-114 ("Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised."). For either claim, Carter must prove a causal connection

between the lack of notice and the alleged injury. *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1133 (11th Cir. 2014) (breach of contract); *Calhoun First Nat'l Bank v. Dickens*, 443 S.E.2d 837, 839 (Ga. 1994) (wrongful foreclosure) ("Having established duty and breach, however, [the plaintiff] still needed to show a causal connection between the lack of notice and the alleged injury.").

Here, the district court did not err in granting summary judgment to HSBC. HSBC submitted evidence showing that it mailed the required notice to Carter by first class mail on June 16, 2013. Carter's assertion that she did not in fact receive the notice does not create a genuine dispute of fact because the two facts—that the notice was sent but not received—are compatible. Carter has no personal knowledge of HSBC's internal records, and her speculative inference that the notice was not sent because it was not received is too weak an issue of fact to preclude summary judgment. *See Anderson*, 477 U.S. at 249–50; *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir.1995))).

In addition, the fact that Carter did not receive the notice is not material to the question of whether HSBC complied with its obligations under the security deed. Paragraph 22 of her security deed required HSBC to give her pre-

6

acceleration notice of default.   Paragraph 15 of the security deed provided that such notice "shall be deemed to have been given to Borrower when mailed by first class mail."   Accordingly, HSBC's mailing of the notice by first class mail was all that paragraph 22 required.  *See Austin v. Bank of Am., N.A.*, 743 S.E.2d 399, 402 (Ga. 2013) ("The issue of the sufficiency of notice required by a contractual provision of a contract is a question of law for the court.").   Accordingly, undisputed evidence shows that HSBC complied with its obligations under the security deed before exercising the power of sale.

We also agree with the district court that Carter did not present any evidence showing that she had been damaged by the lack of notice.  She admitted that she was in default on the loan, and there is nothing in the record to indicate that she could have cured the default had she been given an opportunity to do so.  The fact that Carter was harmed by the foreclosure does not necessarily mean that she was harmed by the lack of notice, since she admits she was in default.

Finally, Carter contends that we should reverse the district court's ruling because she is an unskilled, *pro se* litigant.  Now that she has more litigation experience, she explains, she would have alleged in her complaints that HSBC banking staff advised her to default on her loan in order to be considered for a loan modification but then refused to modify her loan after she defaulted.  While this factual allegation is troubling, it does not appear to affect the analysis of whether

HSBC complied with the terms of the security deed. Rather, it appears to present a new claim that was not alleged in her amended complaint. But Carter did not move for leave to amend before the district court, and we generally do not consider allegations or arguments raised for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004). We therefore decline to consider this new allegation on appeal.

For the foregoing reasons, we affirm the district court's grant of summary judgment to HSBC on Carter's amended complaint.

**AFFIRMED.**